CHUMBLEY v. COFFEE COUNTY.—253
S. W. (2d) 32.

Middle Section.   June 27, 1952.

Petition for Certiorari denied by Supreme Court, October 10, 1952.

John A. Chumbley, of Manchester, for plaintiff.

David W. Shields, Jr., and Robert L. Keele, both of Manchester, for defendant.

HOWELL, J.   In this case the plaintiff John Chumbley sued the defendant Coffee County for damages in the sum of $2,500, and for cause of action alleged that he was the owner in fee simple and had been since 1912 of a tract of land in Coffee County containing 25 acres more or less and that on or about June 1, 1941, the defendant county, through its agents and over the protest of plaintiff, took and appropriated a strip of land across plaintiff's property about 200 feet wide and one fourth of a mile long for public use as a road or right of way for a road and has remained in possession of this strip of land since.   The declaration alleged further that the defendant had not paid plaintiff for this land and prayed for a judgment for the value of the land taken and damages to the remainder.

The defendant filed pleas of not guilty and the case was tried before the Circuit Judge and a jury.   The suit was begun in 1941 and the case was tried in 1951. The record indicates that the original declaration had been lost and was supplied from a carbon copy thereof with the approval of the trial Judge.

Upon the trial there was a verdict of the jury for the plaintiff for the value of the land taken of $400.   There was no allowance for damages to the remainder of the land.

The defendant Coffee County has appealed in error to this Court and has assigned errors.

■   It is insisted for the defendant that the Court erred in permitting the substitution of a copy for the original lost declaration.

Section 9887 of the Code of Tennessee is as follows:

"Lost record may be supplied.—Any record, proceeding, or paper filed in an action, either at law or equity, if lost or mislaid unintentionally, or fraudu-

lently made away with, may be supplied, upon application, under the orders of the court, by the best evidence of which the nature of the case will admit.''

We do not think the trial judge erred in permitting the substitution of a copy for the lost declaration.

■ It is also insisted for the defendant that the trial court erred in not granting its motion for a directed verdict.

The plaintiff testified that he was the owner of the strip of land in question and located same with accuracy, that the defendant appropriated this strip for the location of a highway from Manchester to Tullahoma, built the road upon it without his consent or approval and had not paid him for it, and also as to its value. He further testified that the strip of land in question was appropriated by the County before any of his land had been condemned by the State of Tennessee in connection with the location of Camp Forrest. He was cross-examined at length about his ownership of land that had been condemned by the State for Camp Forrest.

The only evidence introduced by the defendant was that of the County Judge of Coffee County. This witness testified as to the condemnation cases against land of the plaintiff and filed parts of the records in these cases as exhibits to his testimony. He did not deny that the defendant had appropriated the strip of ground for a road in 1941 and did not deny that it had not been paid for.

From an examination of the record we think that there was substantial evidence which justified the trial Judge in submitting the case to the jury and which sustained the verdict of the jury for $400 in plaintiff's favor.

The charge of the Court was full and complete and contains no reversible errors, and there is no merit in the assignments of error.

The assignments are overruled and the judgment of the Circuit Court is affirmed.

The defendant will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.